UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN BRYAN,<br><br>Defendant. | Case No. 3:19-cr-00060-MMD-WGC-1<br><br>ORDER |

**I.   SUMMARY**

Defendant Steven Bryan is charged with first-degree murder for the death of his son, which occurred on tribal land in Carson City, Nevada. (ECF No. 1.) Before the Court is the Government's motion in limine (ECF No. 90 ("Motion")) to preclude Defendant from introducing improper character evidence of the decedent. Defendant responded. (ECF No. 95.) For reasons explained below, the Court will deny the Motion in part and defer ruling in part.

**II.   BACKGROUND**

The Indictment charges Bryan with first-degree murder in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153 for shooting his son, K.B., on December 13, 2019. (ECF No. 1.) As pertinent to the Motion, the Government anticipates that Defendant will argue that he shot K.B. in self-defense and that, accordingly, Defendant will seek to introduce evidence of K.B.'s character at trial through witnesses or extrinsic evidence in support of that defense.[1] (ECF No. 90 at 1-2.)

The Government now seeks to preclude admission of extrinsic evidence of K.B.'s violent character (*id.* at 2-3), as well as other character evidence of K.B. which are not

---

[1] The Government identifies K.B.'s trial probation records, school records, law enforcement records, jail records, medical records, court records, and video's of K.B. (ECF No. 90 at 2.)

1 pertinent to his reputation for violence (*id.* at 3-4). In particular, the Government seeks to preclude testimony relating to allegations involving K.B.'s improper sexual conduct with his niece because such conduct is not relevant to Defendant's defense and would inflame the jury. (*Id.* at 4.)

Defendant responds that he may testify about specific incidents of K.B.'s prior conduct, and support his testimony with extrinsic evidence, to show his state of mind at the time of the killing and his lack of premeditation. (ECF No. 95 at 2-5.) Defendant further argues that he may introduce evidence of specific incidents of K.B.'s prior conduct to impeach L.M. for bias. (*Id.* at 2.) The Court will address these arguments in turn.

### III. LEGAL STANDARD

A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218

### IV. DISCUSSION

The Court will deny the Motion as to Defendant's own testimony, but will defer ruling as to whether evidence of K.B.'s specific prior acts may be used to impeach L.M.

#### A. Evidence of K.B.'s Violent Character

It is undisputed that reputation or opinion evidence of K.B.'s violent character is admissible because self-defense is at issue. (ECF Nos. 90 at 2.) The parties also agree

that if Defendant testifies, he may testify about K.B.'s prior violent conduct that he was aware of to show his state of mind when he acted. (ECF No. 90 at 3, 95 at 3-4.) However, the Government objects to the introduction of specific incidents of K.B.'s prior conduct or the support of that testimony through extrinsic evidence if Defendant chooses not to testify. (ECF No. 90 at 3.)

If Defendant does testify, which he indicates that he expects to do (ECF No. 95 at 2), he may testify about K.B.'s prior violent acts that he was aware of to show his state of mind. "A defendant may show his own state of mind by testifying that he knew of the victim's prior acts of violence." *United States v. Saenz*, 179 F.3d 686, 688-89 (9th Cir. 1999). Moreover, a testifying defendant may introduce extrinsic evidence to support their testimony. *See United States v. Garcia*, 729 F.3d 1171, 1178-79 (9th Cir. 2013); *United States v. James*, 169 F.3d 1210, 1212-13 (9th Cir. 1999). About this the parties agree. (ECF Nos. 90 at 3, 95 at 3-4.)

The Ninth Circuit has not directly addressed whether a witness other than the defendant may offer character evidence through specific prior incidents to prove the defendant had knowledge of those incidents and ultimately his state of mind. *See Garcia*, F.3d at 1178 (leaving open the question of whether Garcia's girlfriend could offer testimony to show his state of mind). However, the Court considers that such evidence would be probative of Defendant's state of mind if another witness gave testimony that showed Defendant had knowledge of K.B.'s prior violent acts.[2] While only Defendant can testify to his subjective state of mind at the time of the incident, the relevance of K.B.'s prior violent acts to his state of mind is whether Defendant knew of the acts. *Cf. United States v. Bordeaux*, 570 F.3d 1041, 1049 (8th Cir. 2009) ("[E]vidence of prior bad acts of the victim are admissible under Rule 404(b) to establish the defendant's state of mind and the reasonableness of defendant's use of force."); *United States v. Smith*, 230 F.3d 300, 308 (7th Cir. 2000) ("It is only when the specific instances of conduct are known to

---

[2]The Court accordingly finds that such testimony may be supported by extrinsic evidence, in line with the holding in *Garcia*. *See* 729 F.3d 1171 at 1178.

3

the one claiming self-defense, and thus could have factored into the decisionmaking process that resulted in the act, that such instances should be admissible as essential elements of the claim."). The Court therefore will not preclude testimony of K.B.'s prior violent acts by any witness if offered to show Defendant's knowledge which is probative of his state of mind.

The Motion is therefore denied as to K.B.'s prior violent acts.

### B. Other Evidence of K.B.'s Character

The parties disagree about whether K.B.'s alleged conduct with his niece is relevant to Defendant's self-defense argument. The Government argues that references to K.B.'s mental health, use of drugs and alcohol, and improper sexual conduct with his niece are not pertinent character traits relevant to self-defense. (ECF No. 90 at 4.) Defendant counters that these traits are also probative of Defendant's state of mind at the time of the killing. (ECF No. 95 at 4.) Specifically, Defendant argues that K.B.'s sexual misconduct is violent, and that K.B.'s substance abuse exacerbated his "violent, inappropriate, and boundaryless conduct." (*Id.*) The Court agrees. An overly narrow definition of violence that excludes evidence of K.B.'s erratic conduct while intoxicated would deprive the jury of context when considering whether Defendant had a reasonable belief that use of force was required at the time of the killing. The Court further agrees with Defendant that K.B.'s conduct with his niece may be viewed as violent and indicates that K.B.'s behavior while intoxicated was particularly extreme.

Defendant also argues that evidence of K.B.'s sexual misconduct, criminal charges, and ensuing trial should be admissible to show Defendant's lack of premeditation. The Court agrees that Defendant's support of K.B., "despite knowing what he was capable of," is relevant because it may be probative of an element of the charged offense. Ultimately the question goes to the weight of the evidence, which is an appropriate question for the jury. Although the Court recognizes that these sensitive issues may inflame the jury, the risk of prejudice to Defendant by excluding this evidence from the jury's consideration outweighs that concern. *See* Fed. R. Evid. 403.

The Court will therefore deny the Motion to preclude the use of K.B.'s arrest, criminal charges, and other records, and will permit the Defendant to testify about these incidents as they relate to his relationship with K.B.

**C.     Impeachment of L.M.**

Defendant seeks to use specific prior incidents involving K.B.'s character to impeach L.M. (ECF No. 95 at 2.) The Court is not persuaded that L.M.'s decision to support K.B. necessarily undermines her truthfulness or indicates bias against Defendant. The Court will therefore defer ruling on the Motion as to the use of this evidence for L.M.'s alleged bias until she gives her testimony.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the Government's motion in limine (ECF No. 90) is denied in part and judgment is deferred in part as discussed herein.

DATED THIS 4th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE