UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br>STEVEN BRYAN,<br><br>                Defendant. | Case No. 3:19-cr-00060-MMD-WGC-1<br><br>ORDER |

**I.   SUMMARY**

This order provides the Court's reasoning for its minute order (ECF No. 105) that offered a summary ruling on the government's motion in limine (ECF No. 77 ("Motion")) requesting the Court preclude Defendant from introducing certain statements he made. As indicated in the minute order, the Court will deny the Motion in part and defer ruling on the Motion in part.

**II.  BACKGROUND**

Defendant is charged with first-degree murder for shooting and killing his son, K.B., with an AR-15 rifle on or about December 13, 2019. (ECF Nos. 1, 65.) Shortly after the incident, Defendant made several statements to law enforcement and family and friends that indicate he shot K.B. in self-defense. (ECF No. 77 at 3.) Defendant first called 911 and informed the dispatcher that he had shot K.B., that K.B. was deceased, and that K.B. had attacked him with a hammer. (ECF No. 98 at 2.) Around that same time, Defendant also called his brother, J.B., and left a voice message that said "I need help, come up here, bye." (*Id.*) Defendant also called his friend Rupert Powers and said "Burt, I'm going to jail, I need help, come up here and take care of my son . . . Kyle attacked me with a hammer, bye." (*Id.*) Upon arrival, law enforcement officers who were wearing body cameras recorded Defendant weeping and expressing concern for his younger son, T.B.

(*Id.*) Defendant also made statements to the FBI during a custodial interview approximately 12 hours after the incident. (*Id.* at 3.)

The government now seeks to preclude Defendant from introducing these statements.

## III.    DISCUSSION

At issue are the following categories of evidence: (1) Defendant's statements made to family and friends and statements made to law enforcement at the time of his arrest, (2) body camera footage at the time of Defendant's arrest, and (3) Defendant's statements made during his FBI interrogation. The Court will address each category of evidence.

### A.    Statements Made Before Defendant's Arrest

The government objects to Defendant introducing statements he made on a 911 call, on a phone call to his friend X, on a phone call to his friend Y, and to law enforcement when they arrived on the scene. Although these statements are hearsay, they are admissible because they fall under the excited utterance exception.

An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803)(2). The district court must determine that the declarant was "so excited or distraught" at the time of the statement "that he did not reflect (or have an opportunity to reflect) on what he was saying." *United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977). "'Rather than focusing solely on the time a statement was made, courts must 'consider other factors, including the age of the declarant, the characteristics of the event[,] and the subject matter of the statements.'" *United State v. Howard*, Case No. 2:18-cr-00135-JAD-GWF, 2020 WL 1318790, at *2 (D. Nev. Mar. 20, 2020) (quoting *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995)); *see also Navarette v. Cal.*, 572 U.S. 393, 400 (2014) ("Unsurprisingly, 911 calls that would otherwise be inadmissible hearsay have often been admitted [under 803(2)]."). Moreover, the Ninth Circuit has rejected the argument that responses to police questioning "must necessarily be the product of reflection" and

therefore not excited utterances. *People of the Territory of Guam v. Cepeda*, 69 F.3d 369, 372 (9th Cir. 1995); *see also People of the Territory of Guam v. Ignacio*, 10 F.3d 608, 615 (9th Cir. 1993) (considering that a child abuse victim's responses to police questioning hours after the fact were admissible because the abuse was "likely extremely traumatic" and it was reasonable to assume that the declarant "still would have been under the stress of it").

The Court finds that statements Defendant made between the time of the incident and the time he was arrested are admissible as excited utterances. Although Defendant's prior statements that he offers himself are hearsay and are not excluded from the prohibition against hearsay under Federal Rule of Evidence 801(d), they may still be admissible if they fall within a hearsay exception. Here, Defendant's statements were sufficiently contemporaneous with the incident, and he appears to still be under the stress of a traumatic event. Defendant made his statements to friends and law enforcement within approximately fifteen minutes after the time that Defendant had shot and killed his own son in the middle of the night, an event which was likely extremely traumatic and from which Defendant was likely still under extreme stress. The body camera footage of Defendant crying and worrying about his younger son when law enforcement arrives, only further confirms that Defendant was still under the stress of the incident. The Motion will therefore be denied as to these statements.

**B.   Body Camera Footage of Defendant**

The government also seeks to exclude body camera footage of Defendant crying when law enforcement arrives because they claim it is irrelevant. But the Court agrees with Defendant that the body camera footage is probative of Defendant's state of mind. (ECF No. 77 at 9.) While Defendant's display of emotion after-the-fact is not dispositive of whether he acted with premeditation, nor does it prove or disprove whether Defendant acted in self-defense, the Court agrees with Defendant that his after-the-fact demeanor is highly probative of his mental state around the time of the killing. (ECF No. 98 at 2.) Accordingly, the Court finds they are relevant to the defense. Moreover, as explained

3

above, any statements Defendant made that were captured by the body camera footage are admissible for their truth under the excited utterance exception to the hearsay rule. *See* Fed. R. Evid. 803(2). Defendant's non-verbal demeanor and expressions of concern for his son are not statements, nor are they offered for their truth, so they are therefore not hearsay and the Court will not exclude them. The Motion is therefore denied as to the body camera footage.

### C. Defendant's Statements During the FBI Interrogation

The government also seeks to prevent Defendant from introducing exculpatory statements he made during his FBI interrogation because they took place more than 12 hours after the incident. Defendant responds that the statements he made to law enforcement are admissible under several rules of evidence, including: (1) as prior statements to rebut an implied assertion that he fabricated his testimony, (2) as an excited utterance, or (3) to provide a complete and unbiased record under the common law rule of completeness. (ECF No. 98 at 8-12.)

The Court agrees that if Defendant testifies, his prior statements to the FBI will be admissible under Federal Rule of Evidence 801(d)(1)(B)(i). Defendant may introduce his statements made to the FBI to demonstrate that they are consistent with his testimony at trial, and with his statements made on his 911 call, to his friends and family, and to law enforcement on the scene. Although Rule 801(d)(1)(B)(i) requires that Defendant's statements before the alleged improper motive to fabricate a defense arose, the defendant's statements need not "rebut all improper influences or motives . . . [i]t is sufficient if the prior statement tends to rebut one of them." *United States v. Kootswatewa*, 893 F.3d 1127, 1134-35 (9th Cir. 2018). Although the statements Defendant made to the FBI were in response to law enforcement and may not rebut the government's implied charge that Defendant lied about K.B. attacking him with a hammer, Defendant's continued consistent statements about K.B.'s attack from moments after the event does rebut the implied charge that he fabricated this defense in response to being arrested or charged with first-degree murder.

However, the Court will defer ruling on whether his statements to the FBI are admissible under the excited utterance exception until it is apparent that Defendant will not testify. The Court notes that although Defendant may have still been under the stress of the incident and also may not have had a reasonable time to reflect during the time he was in custody after being taken from the scene of the incident between 3:00 a.m. and 4:00 a.m., the fact that the interview took place 12 hours after the incident weighs against the inference that they were spontaneous and made without opportunity for reflection.

The Court will also defer ruling on whether Defendant's statements to the FBI may be introduced according to the rule of completeness. If the government introduces portions of Defendant's statements to the FBI, the Court will hear argument regarding the propriety of introducing unrecorded oral statements to prevent bias or prejudice to Defendant.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the government's motion in limine (ECF No. 77) is denied in part and ruling is deferred in part as specified herein.

DATED THIS 9th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE