UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00060-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN C. BRYAN | |
| Defendant. | |

Defendant Steven C. Bryan was convicted on the lesser included offense in count one for voluntary manslaughter of his 23-year-old son. The Court sentenced Bryan to 70 months in custody followed by three years of supervised release. (ECF No. 164.) Bryan commenced supervised release on January 29, 2024. Before the Court is Bryan's motion for early termination of supervised release. (ECF No. 199 ("Motion").) The government opposes (ECF No. 200) and Bryan replied (ECF No. 201). The assigned probation officer does not oppose early termination of supervise release. For the reasons discussed herein, the Court agrees with Bryan and probation and will grant the Motion.

18 U.S.C. § 3583(e)(1) provides that the Court may, after considering the relevant § 3553(a) factors, terminate supervise release at any time after a defendant has completed one year of supervised release. Here, probation reports that Bryan was able to move back to his family home on tribal grounds in early 2025 and did odd jobs until he secured full-time employment in September 2024. Probation further reports that Bryan completed his substance treatment conditions in September 2025 and was removed from drug testing in June 2025 after consistently testing negative. In his Motion, Bryan argues that he "not a risk to the community and has shown the ability to lawfully self-manage by completing all required conditions, maintaining stable employment as an HVAC technician and being proactive in rebuilding his relationship with his youngest son." (ECF No. 199 at 3.) The government's opposition focused on the nature and circumstances of

the offense where Bryan shot his son more than 20 times, and Bryan's history and personal characteristics, including Bryan's history of alcohol use and abuse. (ECF No. 200 at 3-4.) The Court considered these factors in imposing the sentence. However, Bryan has demonstrated his rehabilitation efforts, including working to address his alcohol abuse. Under these circumstances here, the Court finds that early termination is warranted by Bryan's conduct and the interest of justice.

It is therefore ordered that Defendant's motion for early termination of supervised release (ECF No. 199) is granted.

DATED THIS 3rd Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE